IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROSEMARY RUBENSTEIN and	Civ. No. 12-235-AA
JORDAN RUBENSTEIN,
                                                  **TEMPORARY**
        Plaintiffs,                **RESTRAINING ORDER**

    v.

WELLS FARGO BANK, N.A., AS
TRUSTEE FOR THE CERTIFICATE
HOLDERS OF THE SOUNDVIEW HOME
LOAN TRUST ASSET-BACKED
CERTIFICATES, SERIES 2007-OPT2,
and FIDELITY NATIONAL TITLE
INSURANCE COMPANY OF OREGON,

        Defendants.
_____

AIKEN, Chief Judge:

    Before the court is plaintiffs' Ex Parte Motion for Temporary Restraining Order (doc. 2). Plaintiffs contend that a non-judicial foreclosure of their residence located at 2310 Lariat Drive, Eugene, Oregon is scheduled to occur on February 28, 2012. Pursuant to Fed. R. Civ. P. 65(b) and upon review of the Complaint, supporting memorandum, affidavit and exhibits:

    THE COURT FINDS that plaintiffs have raised serious questions

1    - TEMPORARY RESTRAINING ORDER

with respect to the merits of their claims, in that defendants allegedly have not complied with the legal requirements for valid non-judicial foreclosure under Oregon law, and that certain assignments of interest and appointments have not been recorded or are otherwise void pursuant to Oregon law and the applicable Pooling and Servicing Agreement; and

THE COURT FURTHER FINDS that plaintiffs likely will suffer irreparable harm if the non-judicial foreclosure of their residential property and home is allowed to proceed and that the balance of hardships tips in their favor, given that defendants may have other remedies available to them, such as judicial foreclosure, and will have the opportunity to establish their right to foreclose in this action; and

THE COURT FURTHER FINDS that the underlying legal issues cannot be resolved before the non-judicial foreclosure sale will occur or before defendants can be heard, and that the issuance of the temporary restraining order is in the public interest; and

THE COURT FURTHER FINDS that no security shall be required to support issuance of this order pursuant to Fed. R. Civ. P. 65(c), finding that plaintiffs security is not warranted in these circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiffs' Ex Parte Motion for Temporary Restraining Order (doc. 2) is GRANTED. Pursuant to Fed. R. Civ. P. 65(d), defendants, their officers,

2    - TEMPORARY RESTRAINING ORDER

agents, employees, attorneys, and other persons in active concert or participation with defendants, are RESTRAINED and ENJOINED from conducting a non-judicial foreclosure sale of the property commonly known as 2310 Lariat Drive, Eugene, Oregon. This order shall expire at 5:00 p.m. on Friday, March 2, 2012, unless further extended by the court pursuant to Fed. R. Civ. P. 65(b)(2).

IT IS FURTHER ORDERED that the parties shall appear before this court by telephone on Thursday, March 1, 2012 at 9:00 a.m., and defendants shall show cause, if any, why this restraining order should not be continued during the pendency of this action as a preliminary injunction. The court shall initiate the call.

IT IS SO ORDERED.

Dated this __17__ day of February, 2012.

_____
Ann Aiken
United States District Judge

3    - TEMPORARY RESTRAINING ORDER